John S. OWENS, Billy S. Owens, Austin Blaine Owens, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, FARM SERVICE AGENCY, Defendant.

No. Civ.A. 96–0147–A.

United States District Court, W.D. Virginia, Abingdon Division.

Aug. 26, 1998.

Stephen Marshall Quillen, Lebanon, VA, for plaintiffs.

Julie C. Dudley, Stephen U. Baer, Asst. U.S. Atty's, Roanoke, VA, for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

Plaintiffs filed this action challenging the final decision of the United States Department of Agriculture ("USDA") denying an allotment to raise tobacco on Plaintiffs' property. This Court exercises jurisdiction pursuant to 7 U.S.C. § 1365.

## I. Facts and Procedural History

The production of burley tobacco in the United States is closely regulated by the USDA. *See* 7 C.F.R. Pts. 718[1] and 723. As part of the regulatory scheme, that agency administers an allotment system that controls the amount of tobacco that can be produced and sold from each farm. *Id.* When, as in this case, a tobacco-producing farm is divided into several smaller farms, or "reconstituted," the tobacco allotment must be divided as well. 7 C.F.R. §§ 718.201–204. This allocation is performed by a sub-division of the USDA, the Farm Service Agency ("FSA") for the appropriate county or counties.

In November 1995, a large tobacco farm in Russell County, Virginia, was divided into three smaller farms and sold to separate individuals. The Plaintiffs purchased a tract of approximately 65 acres, and subsequently requested that the Russell–Wise–Dickenson Farm Service Agency reconstitute the farm and assign quotas for production of tobacco.

The FSA may use one of several methods to reconstitute a farm. Under the 1996 regulations, the methods in order of preference were the "estate," "designation by landowner," "contribution," "cropland," and "history" methods. 7 C.F.R. § 719.8(a) (1996). The FSA must use the first applicable method. 7 C.F.R. § 718.201(a). In this case, the first applicable method of reconstituting the Plaintiffs' farm was the "cropland" method.[2] Under the "cropland" analysis, the newly-created smaller farm is assigned a tobacco quota in the same proportion that the cropland contained in the newly-created farm bears to the cropland that was contained in the original farm. 7 C.F.R. § 718.205(f)(1). For example, if the newly-created farm contains thirty percent of what was the cropland of the original farm, then the newly-created farm will be as-

---

1. This action was commenced in late 1995, and the administrative proceedings below occurred in 1996. The 1996 regulations governing reconstitution of tobacco quotas were set out in 7 C.F.R. Pt. 719, whereas the 1998 regulations are set out at 7 C.F.R. Pt. 718. Unless otherwise noted, citation herein will be to the 1998 regulations, which are substantially identical to the earlier regulations.

2. The "estate" method was not applicable because the original farm was not divided in the process of settling an estate. 7 C.F.R. § 719.8(b) (1996). The "designation by landowner" method was not applicable because that method may not be used to divide burley tobacco quotas. 7 C.F.R. § 719.8(c)(6)(i) (1996). The "contribution" method was not applicable because that method only applies when several tracts of land are combined to produce a larger farm. 7 C.F.R. § 719.8(d) (1996).

signed thirty percent of the original farm's tobacco allotment. "Cropland" is defined in pertinent part as land which is either "currently[3] being tilled for the production of a crop for harvest [or][i]s not currently tilled, but it can be established that such land has been tilled in a prior year and is suitable for crop production." 7 C.F.R. § 718.2.

The Russell–Wise–Dickenson FSA determined that Plaintiffs' 65 acre tract contained no cropland, and thus assigned no tobacco quota. Plaintiffs exhausted the administrative appeals process, arguing at each level that the farm does indeed contain cropland within the meaning of 7 C.F.R. § 718.2. Specifically, Plaintiffs have offered undisputed evidence that portions of their farm is suitable for crop production and was suitable at the time of reconstitution, and that the land was used to grow wheat, corn, oats, orchard grass, clover, and other crops at various times in the 1960's. The government does not dispute that the land is and was suitable for production, and that crops were grown on the land in the 1960's, but maintains that such attenuated use does not satisfy the requirement that the land have been tilled in a "prior year." Plaintiffs sought review of the agency determination by the U.S. District Court in August, 1996. Both parties have moved for summary judgment.

## II. Standard of Review and Summary Judgment Standard

■ The factual findings by the FSA are entitled to great deference. If these findings are supported by substantial evidence, then they are ordinarily not to be disturbed by a reviewing court. 7 U.S.C. § 1366. Rather, a reviewing court should limit its inquiry to questions of law. *Id.* It is a well-settled principle that a reviewing court will defer to reasonable interpretations by an agency of a statute that it administers. *Nat'l. Railroad Passenger*

Corp. v. Boston and Maine Corp., 503 U.S. 407, 417, 112 S.Ct. 1394, 1401, 118 L.Ed.2d 52, 65–66 (1992); *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694, 703 (1984). However, deference is not appropriate if the interpretation chosen by the agency is unreasonable or in conflict with the plain language of the statute. *Nat'l Railroad Passenger Corp.,* 503 U.S. at 417, 112 S.Ct. at 1394, 118 L.Ed.2d at 66; *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 292, 108 S.Ct. 1811, 1818, 100 L.Ed.2d 313, 324 (1988).

Summary judgment is proper when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202, 211 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986). In deciding a motion for summary judgment, a court must view all evidence and inferences in the light most favorable to the non-moving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513, 91 L.Ed.2d at 216.

## III. Law and Discussion

■ As is evident from the facts recited above, this case hinges on the definition of the term "prior year" as it applies to the "cropland" method of reconstitution. The regulations do not supply a definition of this term.

Plaintiffs have shown without contradiction that crops were grown on the land in the 1960's, and thus argue that, according to the plain language of the statute, crops were grown on the land in a "prior year." The USDA argues that it is unreasonable for the term "prior year" to encompass "the past five, ten, twenty, thirty, or one hundred years." Def. Motion for Sum.J. at 12. Rather, the USDA contends that "prior year" should be determined by

---

3. "Currently" means at the time the change requiring the reconstitution occurred. 7 C.F.R. § 718.204(a). In this case, that change was the division and sale of the original farm.

reference to another method of reconstitution, the "history" method.

Because the various methods of reconstitution are to be used in a certain order of priority, the "history" method is not normally used if the "cropland" method is applicable. 7 C.F.R. § 718.205(a). Nevertheless, the USDA argues that certain language found in the "history" method is instructive here. The "history" method, at least at the time this action was commenced, required the use of "base periods" for each crop to determine what use has been made of land in recent history. 7 C.F.R. § 719.8(g) (1996). Quotas for tobacco production would then be assigned with reference to this use. The "base period" for burley tobacco is three years. 7 C.F.R. § 723.104. Relying on this, the USDA argues that this land can be said to have been tilled in a "prior year" only if it was tilled during the three years immediately prior to reconstitution. Since it is undisputed that crops were not grown on the Plaintiffs' land at the time of reconstitution or in the three previous years, the USDA contends that as a matter of law the Plaintiffs' land is not "cropland."

The USDA's approach is flawed in several respects. First, there is no authority for the importation of definitions from one method of reconstitution to another. The agricultural regulations have never contemplated use of "base period" as a limitation on what constitutes a "prior year." That there is no such interlocking scheme is evidenced by the deletion of any reference to "base period" in the 1998 regulations governing the history method, 7 C.F.R. § 718.205(g), while the "cropland" method remains essentially unchanged, 7 C.F.R. § 718.205(f)(1).

Secondly, a court is not at liberty to ignore the plain language of the regulations absent some indication of legislative intent that it do so. The legislature could certainly have defined "prior year" had this been its desire. Indeed, the regulations before 1965 specifically stated that "cropland" was land that was either being

tilled for production at the time of reconstitution, or had been tilled in one of the five previous calendar years. 27 F.R. 6482 (1962); *see also Slaughter v. Elkins,* 260 F.Supp. 835, 836–38 (W.D.Va.1966). Today there is no bright-line definition of "prior year," nor is there any reason to impute to the words a meaning different from that which they commonly have.

Finally, the USDA seems to argue that if "prior year" is not somehow limited to a relatively short period, such as the "base period" for a certain crop, then almost any land could qualify as "cropland." However, there are two requirements that must be met before land not currently in production can qualify as "cropland": not only must the land have been tilled in a prior year, it also must be "suitable for crop production" at the time of reconstitution. 7 C.F.R. § 718.2. In many cases the suitability requirement would operate to defeat a claim based on farming that occurred in the extremely distant past, because in many cases land which was last farmed a century ago would not remain suitable for crop production today. It is therefore not necessary to impose an artificial limitation on the term "prior year."

IV. Conclusion

The Plaintiffs have shown, and the USDA has admitted, that portions of the land in question here were used to grow crops in the past, and have remained suitable for the growing of crops until the present. Thus, this land is "cropland" within the meaning of 7 C.F.R. § 718.2. There is no question of material fact as to this issue. The Defendant's Motion for Summary Judgment is hereby **DENIED,** and the Plaintiffs' Motion for Summary Judgment is hereby **GRANTED.** The case is remanded to the Russell–Wise–Dickenson FSA for determination of a tobacco production allotment in a manner consistent with this opinion.